UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**LESTER J. WALDMANN**                                                   CIVIL ACTION

**versus**                                                               No. 07-9533

**SCOTTSDALE INSURANCE COMPANY**                                          SECTION: "I"/3

### ORDER

Before the Court is defendant's, Scottsdale Insurance Company's ("Scottsdale"), motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and alternative motion for summary judgment.[1] Considering the fact that Scottsdale filed its motion to dismiss pursuant to Rule 12(b)(6) after filing an answer to plaintiff's complaint,[2] Scottsdale's motion to dismiss shall be converted to a motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. *See, e.g.*, *Apache Oxy-Med, Inc. v. Humana Health Plan, Inc.*, 2006 WL 3742169, at *1-2 (D. Ariz. Nov. 30, 2006); *Hobbs v. City of Dallas*, 2007 WL 846519, at *1 (N.D. Tex. March 20, 2007) ("Because a post-answer Federal Rule of Civil Procedure 12(b)(6) . . . motion is untimely, a Rule 12(c) motion for judgment on the pleadings is the appropriate vehicle to seek dismissal . . . ."). For the following reasons, Scottsdale's motion for judgment on the pleadings is **GRANTED** and its motion to dismiss pursuant to Rule 12(b)(6) and

---

[1] Rec. Doc. No. 6.

[2] Scottsdale filed its answer to Waldmann's complaint on December 21, 2007. Rec. Doc. No. 5. Scottsdale filed this motion on January 3, 2008. Rec. Doc. No. 6.

alternative motion for summary judgment are **DISMISSED AS MOOT**.

## BACKGROUND

Plaintiff, Lester J. Waldmann ("Waldmann"), leased immovable property from Gerald and Lynn Wasserman ("the Wassermans") located at 301 Huey P. Long Ave., Gretna, Louisiana (the "subject property").[3] Pursuant to his lease agreement, Waldmann was not only obligated to pay the Wassermans rental payments, but also to reimburse them the monthly premiums for a policy, issued to the Wassermans by Scottsdale ("the subject policy"), insuring the subject property against wind-related damage.[4] The subject policy was issued to the Wassermans prior to Hurricane Katrina making landfall on August 29, 2005.

According to Waldmann, the subject property was rendered uninhabitable due to the extensive damage it sustained during Katrina.[5] As a result of the aforementioned damage, Waldmann filed an insurance claim with Scottsdale under the subject policy and Scottsdale subsequently rejected Waldmann's claim.[6]

On August 29, 2007, Waldmann filed a lawsuit against Scottsdale in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, asserting causes of action for (1)

---

[3] Rec. Doc. No. 9, p. 1.

[4] *Id.* at p. 2.

[5] Rec. Doc. No. No. 1-2, p. 5, paras. VIII-IX.

[6] *Id.* para. XII.

breach of contract; (2) intentional infliction of emotional distress; and (3) bad faith claims adjusting.[7]  On December 17, 2007, Scottsdale, citing diversity jurisdiction, removed Waldmann's lawsuit to federal court.[8]

On January 3, 2008, Scottsdale filed this motion arguing that, in light of the fact that the subject policy does not name Waldmann as an insured or an additional insured, Waldmann has no right to assert claims against Scottsdale.[9]  Scottsdale argues that Waldmann's lawsuit against Scottsdale should be dismissed with prejudice.[10]

## LAW AND ANALYSIS

### I.  RULE 12(c)

Rule 12(c) of the Federal Rules of Civil procedure provides that "[a]fter the pleadings are closed - but early enough not to delay trial - a party may move for judgment on the pleadings."

---

[7] Rec. Doc. No. 1-2, p. 6, para. XVI.  As a result of Scottsdale's alleged conduct, Waldmann asserts that he is entitled to recover the following damages:

    (1)   Loss of use of property;
    (2)   Loss of enjoyment of property;
    (3)   Diminution in value of property;
    (4)   Repair and remediation expenses;
    (5)   Mental anguish;
    (6)   Attorney's fees; and
    (7)   Costs of litigation.

*Id*. at p. 7, para. XVIII.

[8] Rec. Doc. No. 1.

[9] Rec. Doc. No. 6.

[10] *Id*. at pp. 3-4.

Fed. R. Civ. P. 12(c).  The standard to be applied when reviewing a Rule 12(c) motion is the same standard to be applied when considering a motion under Rule 12(b)(6).  *See Kaplan v. City of Arlington*, 184 F.Supp.2d 553, 556 (N.D. Tex. 2002) (citing *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir. 1994)).

Pursuant to Rule 12(b)(6), a district court can dismiss a complaint, or any part of it, for failure to state a claim upon which relief can be granted if, the plaintiff has not set forth a factual allegation in support of his claim that would entitle him to relief.  *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact."). (citations and footnote omitted)).  The Court will not look beyond the factual allegations in the pleadings to determine whether relief should be granted.  *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).  "'[T]he complaint must contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial.'"  *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1216,

at 156-59 (3d ed. 2004)).

In assessing the complaint, a court must accept all well-pleaded facts as true and liberally construe all factual allegations in the light most favorable to the plaintiff. *Spivey*, 197 F.3d at 774; *Lowrey v. Tex. A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). "However, '[i]n order to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations . . . .'" *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992) (*quoting Elliott v. Foufas*, 867 F.2d 877, 881 (5th Cir. 1989)). "'[C]onclusory allegations and unwarranted deductions of fact are not admitted as true' by a motion to dismiss." *Id.* (*quoting Associated Builders, Inc. v. Ala. Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974)).

## II. **DISCUSSION**

As previously stated, Scottsdale argues that, in light of the fact that the subject policy does not name Waldmann as an insured or an additional insured, Waldmann has no right to assert insurance claims against Scottsdale.[11] Louisiana law[12] provides that a

---

[11] The Court notes that, in support of its argument, Scottsdale has attached a copy of the subject policy to its memorandum in support of this motion. Rec. Doc. No. 6, exh. A-B. In light of the fact that the subject policy is referred to in Waldmann's complaint and is central to Waldmann's claims, the subject policy is a part of the pleadings. *Harrison*, 2007 WL 2442628, at *4 (citing *Weiner v. Klais and Co., Inc.*, 108 F.3d 86 (6th Cir. 1997)). The Court will consider the subject policy in connection with this motion. *Id.*

[12] Because the Court's subject matter jurisdiction in this case is premised upon diversity of citizenship, state law applies to the substantive issues before the Court. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 206 (5th Cir. 2007) (*citing Erie R.R. v. Tompkins*, 304 U.S. 64, 78, 58 S.

plaintiff may only sue pursuant to an insurance contract when the plaintiff is a named insured, an additional insured, or a third-party beneficiary (a stipulation pour autrui).[13]  *See,* e.g., *Graphia v. Balboa Ins. Co.*, 517 F.Supp.2d 854, 856 (E.D. La. 2007) (Vance J.), *see also Mingo*, 2007 WL 4292026, at *2.  In order to determine whether a party is a named insured, an additional insured, or a third-party beneficiary to an insurance policy, "the Court must examine the insurance policy itself."  *See Graphia*, 517 F.Supp.2d at 856.

Generally, there are three requirements to create a stipulation pour autrui: (1) the stipulation for a third party is manifestly clear; (2) there is certainty as to the benefit provided the third party; and (3) the benefit is not a mere incident of the contract between the promisor and the promisee.  *Mingo*, 2007 WL

---

Ct. 817, 822, 82 L. Ed. 1188, 1194 (1938)).  "In determining which state's substantive law controls, the court applies the choice-of-law rules of the forum state."  *Id.* (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496-97, 61 S. Ct. 1021-22, 85 L. Ed. 1477, 1480-81 (1941)).
    The subject policy was issued in Louisiana and because this action involves that policy, Louisiana substantive law governs.  *See Am. Int'l Specialty Ins. Co. v. Canal Indem. Co.*, 352 F.3d 254, 260 (5th Cir. 2003) ("Louisiana choice of law rules dictate, that in this action involving the interpretation of insurance policies issued in Louisiana, Louisiana substantive law governs our decision."); *Ins. Co. of N. Am. v. W. of Eng. Shipowners Mut. Ins. Ass'n*, 890 F. Supp. 1302, 1306 (E.D. La. 1995) (Vance, J.) ("Louisiana law is the obviously applicable state law since the [insurance] policies were provided to a Louisiana insured in the State of Louisiana.").

    [13]Louisiana law does permit judicial reformation of insurance contracts in limited circumstances, "such as mutual error or fraudulent, negligent, or mistaken conduct on part of the agent issuing the policy, 'and in some cases, [when] a mortgagee [is] not included in a loss payable clause.'"  *Jones*, 2007 WL 4206863, at *2 (quoting *Lea v. Balboa Life & Casualty Ins. Co.*, 1992 WL 74591, at *4 (E.D. La. April 9, 1992).  Such judicial reformation of insurance contracts requires caution and restraint.  *Id.*

4292026, at *3.  The "proper means" to include a stipulation pour autrui *in an insurance contract* is to name the third party as an additional insured. (emphasis added) *Harrison*, 2007 WL 1244268, at *3 (citing *Nesom v. Chevron U.S.A. Inc.*, 633 F.Supp. 55, 58 (E.D. La. 1984); *St Julien v. Diamond M. Drilling*, 403 F.Supp. 1256, 1259 (D.C. La. 1975)); *see also Mingo*, 2007 WL 4292026, at *3 (citing *Harrison*, 2007 WL 1244268, at *3).  Merely referencing a borrower in an insurance contract does not suffice to create a stipulation pour autrui.  *Jones*, 2007 WL 4206863, at *3; *see also Harrison*, 2007 WL 1244268, at *5.

Waldmann concedes that he is not listed in the subject policy as a named insured, additional insured, or third-party beneficiary.[14]  However, Waldmann asserts that, in light of the fact that he reimbursed the Wassermans for the value of the subject policy's monthly premiums, Wasserman has a sufficient insurable interest in the subject property to assert claims against Scottsdale.[15]  Attached to Waldmann's memorandum in opposition is a motion requesting leave to amend his complaint, which suggests that adding the Wassermans as named plaintiffs would permit Waldmann to pursue his claims.[16]

Waldmann's argument notwithstanding, it is irrelevant that

---

[14]Rec. Doc. No. 9, p. 2.

[15]*Id*.

[16]Rec. Doc. No. 9-2.

Waldmann reimbursed the Wassermans for the value of the subject policy's monthly premiums. Waldmann was obligated to do so by virtue of his contractual relationship with the Wassermans, not with Scottsdale. *See, e.g., Richardson v. Southwest Bus. Corp.*, 2007 WL 4259300, at *2 (E.D. La. Dec. 3, 2007) (Vance, J.).

Considering the fact that Waldmann is admittedly not a named insured, additional insured, or third-party beneficiary to the subject policy, it is clear that the subject policy was only issued to protect the Wassermans' interest in the subject property. Therefore, there are no rights under the subject policy that Waldmann can assert against Scottsdale. *See, e.g., Richardson*, 2007 WL 4259300, at *2; *see also Brooks v. Crosby*, 629 So. 2d 521, 525 (La. App. 5 Cir. 1993) (finding that tenant could not assert claims pursuant to landlord's insurance policy).

Accordingly,

**IT IS ORDERED** that Scottsdale's motion for judgment on the pleadings is **GRANTED** and that Waldmann's claims against Scottsdale are **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that Waldmann's motion for leave to amend his complaint is **DENIED.**[17]

---

[17] Rule 15(a) of the Federal Rules of Civil Procedure provides that district courts have discretion to grant plaintiffs leave to amend their complaints "when justice so requires." Fed. R. Civ. P. 15(a). "The Supreme Court has held that '[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.'" *Nguyen v. St. Paul Travelers Inc. Co.*, 2007 WL 3275133, at *7 (E.D. La. Nov. 5, 2007) (Vance, J.) (quoting *Forman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)).

**IT IS FURTHER ORDERED** that Scottsdale's motion to dismiss pursuant to Rule 12(b)(6) and alternative motion for summary judgment are **DISMISSED AS MOOT.**

New Orleans, Louisiana, July 31, 2008.

LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE

---

"Leave to amend, however, is not automatic." *Id.* (citing *Halbert v. City of Sherman*, 33 F.3d 526, 529 (5th Cir. 1994)). "Factors the Court should consider include 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment." *Id.* (quoting *Forman*, 371 U.S. at 182; *Lozano v. Ocwen Federal Bank*, *FSB*, 489 F.3d 636 (5th Cir. 2007)).
   Having considered the *Forman* factors, permitting Waldmann to amend his complaint to add the Wassermans as named plaintiffs would be futile, as Waldmann's proposed amended complaint does not allege that the Wassermans named, or were obligated to name, Waldmann as an insured, additional insured, or third-party beneficiary to the subject policy. As such, the amendment would not alter the fact that there are no rights that Waldmann can assert which would provide a remedy against Scottsdale.

-9-